21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Jeffrey ZIEREIS, Defendant-Appellant.
 No. 93-50319.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1994.*
Decided April 14, 1994.
 
 Before: BROWNING, PREGERSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Jeffrey Ziereis ("Ziereis") appeals the restitution component of his sentence by challenging the district court's finding that he had the future ability to pay restitution in the amount of $100,000.00.
 
 
 3
 Under the Victim and Witness Protection Act ("VWPA"), the district court has authority to order restitution. 18 U.S.C. Sec. 3663(a)(1). "[I]n determining whether to order restitution ... and the amount of such restitution, [the court must consider, among other factors,] the financial resources of the defendant, [and] the financial needs and earning ability of the defendant...." 18 U.S.C. Sec. 3664(a). The district court is never required to make factual findings or even to discuss the factors with the defendant on the record. United States v. Mills, 991 F.2d 609, 611 (9th Cir.1993). Nonetheless, where the court, as here, does make factual findings, we review those findings for clear error. United States v. Sanga, 967 F.2d 1332, 1336 (9th Cir.1992). The "clear error" standard requires us to accept the district court's findings of fact unless we are left with the "definite and firm conviction that a mistake has been committed." United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991).
 
 
 4
 We conclude that the district court did not clearly err by finding that Ziereis had the future ability to pay a $100,000.00 restitution order. At the time of sentencing, Ziereis was earning only $18,600.00 annually. And, he was suffering from a serious brain dysfunction that, according to psychological reports, impaired his reasoning skills and his future ability to obtain high-paying positions. Nonetheless, the Presentence Report indicated that Ziereis had held several well-paying positions in the past seven or eight years, including two executive positions (vice president of sales for two months and chief financial officer for three years) with an annual salary of $100,000.00, and at least three other positions with annual salaries ranging from $20,000.00 to $75,000.00. Furthermore, Ziereis himself testified at the sentencing hearing that he had been offered a new job which would pay him up to $45,000.00 annually (despite his present mental deficiencies).
 
 
 5
 At most, the evidence before the district court indicated that Ziereis might have difficulty satisfying the restitution order during his two-year incarceration plus three-year period of supervised release. Cf. United States v. Ramilo, 986 F.2d 333, 336-37 (9th Cir.1993) (vacating $455,000.00 restitution order where evidence of defendant's future earning capacity showed there was no possibility he could pay). Any difficulty in achieving timely and complete compliance is not determinative. United States v. Smith, 944 F.2d 618, 624 (9th Cir.1991), cert. denied, 112 S.Ct. 1515 (1992). We therefore affirm the district court's restitution order.
 
 
 6
 Nonetheless, if, at the end of probation, Ziereis has been unable to pay the entire $100,000.00 amount despite a good faith effort to do so, he may petition the district court for an extension of time or for a remittitur. United States v. Jackson, 982 F.2d 1279, 1284-85 (9th Cir.1992) (citing Smith, 944 F.2d at 624).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3